Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3788 | DATE | 4/21/2004 |
| CASE TITLE | Russell vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is granted. Enter Memorandum Opinion and Order. Plaintiff's counsel Kint Sinson's oral motion to withdraw as counsel is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 22 2004 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | 27 |
| X | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND C. RUSSELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, )<br>)<br>Defendant. ) | No. 03 C 3788<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Raymond C. Russell, filed suit against Defendant, the City of Chicago. Plaintiff alleges that Defendant had a pattern and practice of placing "Denver Boots" on automobiles, in violation of 42 U.S.C. § 1983, the Illinois Constitution, and Illinois state law. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. For the foregoing reasons, that motion is granted.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be

27

dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Plaintiff's Complaint. Plaintiff is a homeless resident of Chicago, Illinois, and is an African-American. Defendant is a municipal corporation empowered to enforce the Chicago Municipal Code.

Prior to April 9, 2001, Raymond Russell was the owner of an automobile. On fourteen separate occasions before April 9, 2001, Plaintiff received parking tickets for this vehicle. At least two of these tickets claimed Plaintiff's automobile did not have a valid sticker and State of Illinois license plate, even though the automobile properly had these items. Plaintiff did not pay any of these tickets.

On April 9, 2001, Defendant affixed a Denver Boot to Plaintiff's automobile because Plaintiff is an African-American. A Denver Boot is a huge clamp applied to a wheel of a car which prevents the car from moving. A Denver Boot is sturdy enough to resist determined efforts by drivers to free their vehicles from its embrace. In 2001, Defendant destroyed Plaintiff's automobile.

Defendant disproportionally places Denver Boots on vehicles in economically depressed parts of Chicago and disproportionally places Denver Boots on vehicles owned by African-Americans. At the time they are placing a Denver Boot on a vehicle, Defendant's employees know the race of the vehicle's owner.

Plaintiff filed the instant suit on June 3, 2003.

## ANALYSIS

Defendant argues that Plaintiff's Complaint is time-barred by the statute of limitations. According to Defendant, Plaintiff filed his claims more than two years from the time he knew of the allegedly illegal act, on April 9, 2001. Generally, parties may not assert a statute of limitations defense on a Rule 12(b)(6) motion to dismiss. However, if a "plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998) (alteration in original).

In Illinois, the statute of limitations for § 1983 claims is two years. *E.g., Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir. 2003). For state law claims filed against a local entity, the statute of limitations in Illinois is one year. 745 ILCS 10/8-101. The statute of limitations begins to run when a plaintiff knows or should have known of the commission of the allegedly illegal act. *E.g., Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

Here, Plaintiff alleges that Defendant has a pattern or practice of placing Denver Boots on vehicles owned by African-Americans. Plaintiff argues that the tort, as committed against him, was not complete on April 9, 2001, because he continued to suffer injury from Defendant's action. However, the statute of limitations began to run when Plaintiff knew or should have known Defendant committed the illegal act.

From the facts Plaintiff pled in his Amended Complaint, the date Plaintiff knew or should have known of the illegal act was April 9, 2001, when Defendant placed a Denver Boot on Plaintiff's car. This date is more than two years removed from the date Plaintiff filed his suit. Accordingly, Plaintiff's action is time-barred for both his § 1983 and Illinois causes of action.

3

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

Dated: April 21, 2004

JOHN W. DARRAH
United States District Judge